**NOT FOR PUBLICATION**

SEP 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DARIO L. CANNON, | No. 15-15374 |
| Petitioner - Appellant, | D.C. No. 3:13-cv-02419-TEH |
| v. | AMENDED MEMORANDUM[*] |
| GERALD JANDA, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted July 19, 2016
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and EDMUNDS[**], Senior District Judge.

Petitioner Dario L. Cannon appeals the denial of his habeas petition, alleging

that the Alameda County Superior Court failed to properly conduct the inquiry

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Nancy G. Edmunds, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

required by *Batson v. Kentucky*, 476 U.S. 79 (1986), after the prosecution exercised peremptory strikes against all seven minority veniremembers.  On appeal, Cannon pursues only the *Batson* claim with respect to three potential jurors.  Cannon further alleges that the trial court erred when finding that the reasons offered by the prosecution for the strikes were race-neutral.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  The California Court of Appeal reasonably ruled that the trial court applied the proper legal standards established by the United States Supreme Court.  The trial court's references to California cases did not taint the analysis, as our review of the record reveals that the trial court did not ignore *Batson*'s third step.  *See Johnson v. California,* 545 U.S. 162, 165, 171-72 (2005).  Further, the trial court expressly found that the prosecutor was "truthful" in describing her race-neutral reasons for the strikes.  No clearly established precedent required the trial court to do more when analyzing a *Batson* challenge.  *See, e.g.*, *id.*; *Snyder v. Louisiana*, 552 U.S. 472, 477-79, 485-86 (2008).

**2.**  Nor has Cannon shown that the California Court of Appeal was unreasonable in deferring to the trial court's judgment in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(2).  Our review is "doubly deferential," in that we must uphold the ruling unless it was "objectively unreasonable" to conclude

that substantial evidence supported the trial court's credibility determination.  *See*

*Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012).  Because the record

supports the conclusion that the prosecution's strikes did not rest on an

impermissible ground, the state appellate court was not "objectively unreasonable

in concluding that [the] trial court's credibility determination was supported by

substantial evidence."  *Id.*

**3.**  All remaining issues on which a certificate of appealability was granted

*other than* those pertaining to the three veniremembers have been waived by

Cannon's failure to argue them in the opening brief on appeal.  *Styers v. Schriro*,

547 F.3d 1026, 1028 n.3 (9th Cir. 2008) (per curiam).

**AFFIRMED**.